## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN MARRONE and | : | |
| FRANCIS MARRONE, | : | CIVIL ACTION |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| JOHN D. GREEN, Sheriff of | : | |
| Philadelphia County, et al., | : | No. 09-213 |
| Defendants. | : | |

## MEMORANDUM AND ORDER

Schiller, J.                                                                 March 10, 2009

Plaintiffs Stephen Marrone and Francis Marrone bring this action against Defendants John D. Green, Sheriff of Philadelphia County; Linebarger, Goggan, Blair & Sampson, LLP ("Linebarger"); and Bernard Houston, based on Plaintiffs' failure to acquire certain property at a Sheriff's sale. Currently before the Court is Defendant Linebarger's motion to dismiss Plaintiffs' negligence claim. For the following reasons, Linebarger's motion is granted and it is dismissed as a Defendant in this case.


## I.      BACKGROUND

Francis Marrone, the developer of a multi-unit residential apartment building located at 1302-1312 West Cumberland Street in Philadelphia, sought to provide street level parking for the building's residents. (Compl. ¶¶ 3-4.) On Francis's behalf, Stephen Marrone purchased, for that purpose, lots located at 1303, 1305, 1307, 1309 and 1313 West Letterly Street. (*Id.* ¶ 4.) The Marrones then sought to purchase the lot at 1301 West Letterly Street "[t]o complete the necessary parking facility." (*Id.* ¶ 5.) However, because delinquent real estate taxes were owed to U.S. Bank,

N.A. ("U.S. Bank") a Sheriff's sale was required to allow for purchase of that property.[1]  (Def.'s Mem. of Law in Supp of Def.'s Mot. to Dismiss at 2 [hereinafter "Def.'s Mem."].)

Accordingly, Stephen paid $1,000.00 to Linebarger, U.S. Bank's Servicing Agent and legal counsel, to schedule a Sheriff's tax lien sale of the property.[2]  (*Id.* ¶ 6; Def.'s Mem. at 2; Pls.' Mem. of Law in Opp'n to Mot. to Dismiss [hereinafter "Pls.' Mem."] at 3.)  Stephen signed Linebarger's "Bidder/Depositor form for sending a property to Tax Lien Sheriff's Sale" ("bidder/depositor agreement"), which required him, as an interested buyer, to make a $1,000.00 refundable deposit with Linebarger "to cover a portion of court costs and Sheriff's Sale fees."[3]  (Def.'s Mot. Ex. B [Bidder/Depositor Form]; *see also* Compl. ¶ 29.)  Additionally, Stephen initialed the clause that explained the circumstances under which the deposit would be refunded.  (Bidder/Depositor Form.) That clause permitted a refund if "the interested bidder is successful in his/her bid at Tax Lien Sheriff's Sale, upon our receipt of the Tax Lien Sheriff's Sale funds from the Sheriff's Office" or "if the interested bidder bids unsuccessfully at the sale AND the winning bidder settles with the Philadelphia Sheriff's Office." (*Id.*)

The Sheriff's sale took place on November 19, 2008 at 1:00 p.m.  (Compl. ¶ 5.)  Cecilia Marrone, the wife of one of the Plaintiffs (the Complaint does not specify which one) and their agent at the sale, was the only bidder and bid $5,500.00 for the property.  (*Id.* ¶¶ 6-7, 20(a).)  Per the

---

[1] Although Plaintiffs did not mention U.S. Bank in their Complaint, Plaintiffs' and Linebarger's papers agree to this fact.

[2] Plaintiffs' Complaint also does not reference Linebarger's status with respect to U.S. Bank, however, the parties agree to this fact in their papers.

[3] Plaintiffs did not attach this document to their Complaint, however, the parties rely upon it in their filings since it is integral to Plaintiffs' negligence claim against Linebarger.

published terms of the sale, Cecilia was required to deposit with the Sheriff ten percent of the bid price, however, when she went to do so, she realized that she was $40.00 short.  (*Id.* ¶ 8; Compl. Ex. A [Judicial/Foreclosure Sale Conditions of Sheriff Sale] & Ex. B [Tax Sale Conditions of Sheriff's Sale].)  Within ten minutes Cecilia managed to borrow the remaining $40.00 from other individuals at the sale and tendered the total required to the cashier.  (Compl. ¶ 8.)  Nevertheless, Sheriff Green "disqualified" Cecilia, apparently because of her initial failure to tender the full ten percent of the purchase price, and placed the property up for bid a second time.  (*Id.* ¶ 9; *see id.* ¶ 18.)  At the second auction, the property was sold to Defendant Bernard Houston for $7,500.00.  (*Id.* ¶ 10.)

Plaintiffs initiated this action against the Sheriff, Linebarger and Houston in an effort to recover the property and for damages.  Plaintiffs assert claims against Sheriff Green, pursuant to 42 U.S.C. § 1983, for violation of their due process rights and a claim against Houston for rescission. The only claim against Linebarger is for negligence.  Plaintiffs contend that Linebarger, as Plaintiffs' agent, was obligated to inform the Sheriff of Plaintiffs' $1,000.00 deposit to Linebarger so that the money could be applied to satisfy the ten-percent deposit at the sale.  Accordingly, Plaintiffs assert that Linebarger "negligently failed to inform Sheriff Green's representative that Plaintiffs were required to deposit One Thousand Dollars ($1,000.00) as a good faith payment on account and that Plaintiffs had satisfied the 10% requirement."  (Compl. ¶ 33.)  Linebarger counters that this claim fails because Linebarger owed no duty to Plaintiffs to intercede at the Sheriff's sale.

## II.    STANDARD OF REVIEW

A court reviewing a motion to dismiss, pursuant to Rule 12(b)(6), should accept the complaint's allegations as true, read those allegations in the light most favorable to the plaintiff, and

determine whether a reasonable reading indicates that relief may be warranted. *Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). Although the federal rules impose no probability requirement at the pleading stage, a plaintiff must present "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of a cause of action. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2007); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). Simply reciting the elements will not suffice. *Phillips*, 515 F.3d at 231. Furthermore, a court need not accept "unsupported conclusions and unwarranted inferences or a legal conclusion couched as a factual allegation." *Baraka v. McGreevy*, 481 F.3d 187, 195 (3d Cir. 2007) (internal quotations and citation omitted).

When faced with a motion to dismiss for failure to state a claim, courts may consider the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim. *Lum v. Bank of Am.*, 361 F.3d 217, 221 n.3 (3d Cir. 2004). "A document forms the basis of a claim if the document is integral to or explicitly relied upon in the complaint." *Id.* (internal quotations omitted).

## III.   DISCUSSION

To succeed on a negligence claim, a plaintiff must prove four elements: (1) a duty or obligation recognized by law; (2) a breach of that duty; (3) a causal connection between the defendant's breach of duty and the plaintiff's injury; and (4) actual injury. *Cooper v. Frankford Health Sys., Inc.*, 960 A.2d 134, 140 n.2 (Pa. Super. Ct. 2008); *see also R.W. v. Manzek*, 888 A.2d 740, 746 (Pa. 2005). Plaintiffs allege that they can establish Linebarger's duty to intercede at the Sheriff's auction based on Linebarger's status as Plaintiff's agent.

4

An agency relationship "results from (1) the manifestation of consent of one person to another that (2) the other shall act on his behalf and subject to his control, and (3) consent by the other to so act." *In re D.L.H.*, — A.2d — , 2009 WL 311841, at *7 (Pa. Super. Ct. Feb. 10, 2009). In Pennsylvania, such a relationship "arises whenever a person authorizes another expressly or by implication to act as his agent." *Garbish v. Malvern Fed. Savs. and Loan Ass'n*, 517 A.2d 547, 553 (Pa. Super. Ct. 1986).

The allegations in the Complaint do not establish an agency relationship between Linebarger and Plaintiffs since there is no allegation that Plaintiffs exerted any control over Linebarger. However, even accepting Plaintiffs' legal conclusion that Linebarger was Plaintiffs' agent, as alleged in the Complaint, Plaintiff has admitted that the scope of that agency was limited to scheduling a Sheriff's sale for 1301 West Letterly Street, which Linebarger undisputably did.  (Compl. ¶ 30 (Linebarger "became an agent of the Plaintiffs *for the limited purpose* of scheduling a Sheriff Sale of 1301 West Letterly Street") (emphasis added).)   If Linebarger was only authorized to schedule the Sheriff's sale on Plaintiffs' behalf, Linebarger certainly cannot be liable for failing to intercede at the Sheriff's auction, as it never had Plaintiffs' authority to do so.  Plaintiffs' own admission is fatal to their theory.

Nevertheless, Plaintiffs argue that the bidder/depositor agreement implicitly required that the $1,000.00 payment to Linebarger be applied to the deposit at the Sheriff's sale, thereby imposing upon Linebarger a duty to intercede at the sale when Cecilia came up short.  Certainly, an agent has a duty to comply with the principal's instructions and "to act in accordance with the express and implied terms of any contract between the agent and the principal." RESTATEMENT (3D) OF AGENCY § 8.07 (2006); *see also In re D.L.H.*, 2009 WL 311841, at *7 (agent must comply with principal's

instructions).  Even taking the facts in a light most favorable to Plaintiffs, however, there is no basis for concluding that the bidder/depositor agreement imposed any such requirement on Linebarger.

The language of the agreement clearly indicates that the $1,000.00 deposit was required to cover the court costs and Sheriff's sale fees that Linebarger would incur if the property were listed for sale.  (Bidder/Depositor Form.)  From this, Plaintiffs argue that because the funds were intended to cover costs and fees, and because the purchase price of the property covers the same costs and fees, the deposit with Linebarger necessarily should have been available for Plaintiffs to apply to their payment to the Sheriff in connection with Cecilia's winning bid.  (Pls.' Mem. at 3.)  But, this is not what the parties' agreement says.  Linebarger agreed to refund the fees "if the interested bidder is successful in his/her bid at Tax Lien Sheriff's Sale, *upon our receipt of the Tax Lien Sheriff's Sale funds from the Sheriff's Office*."  (*Id.* (emphasis added).)  The explicit condition that Linebarger receive reimbursement from the Sheriff's office prior to releasing the funds to Plaintiffs negates any alleged implicit duty that Linebarger owed to Plaintiffs to apply those funds towards Cecilia's ten-percent deposit at the Sheriff's sale.  Indeed, Plaintiffs themselves characterize the $1,000.00 deposit as "a good faith deposit in order *to list the property for Sheriff's Sale*," not as a source of funds for their use at the sale should their buyer fall short on the deposit owed to the Sheriff.   (Compl. ¶ 29 (emphasis added).)

Furthermore, any reliance on Linebarger's relationship with U.S. Bank to establish a breach of duty to Plaintiffs is misplaced.  Whether "Linebarger would have best served U.S. Bank by informing the Sheriff that [Cecilia's] bid of $5,500.00 . . . was subject to a credit for her $1,000.00 refundable cost deposit," (Pls.' Mem. at 6), is irrelevant to determining whether Linebarger owed Plaintiffs a duty to intercede at the Sheriff's sale, which it did not.

6

**IV.     CONCLUSION**

For the above reasons, Linebarger's motion to dismiss is granted.  An appropriate Order follows.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STEPHEN MARRONE and** | : | |
| **FRANCIS MARRONE,** | : | **CIVIL ACTION** |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **JOHN D. GREEN, Sheriff of** | : | |
| **Philadelphia County, et al.,** | : | **No. 09-213** |
| **Defendants.** | : | |

<u>**ORDER**</u>

**AND NOW,** this **10th** day of **March, 2009**, upon consideration of Defendant Linebarger, Goggan, Blair & Sampson, LLP's motion to dismiss and Plaintiffs' response thereto, and for the foregoing reasons, it is hereby **ORDERED** that:

1.    Defendant's motion (Document No. 5) is **GRANTED**.

2.    Count Four of Plaintiffs' Complaint (Negligence) is **DISMISSED**.

3.    Defendant Linebarger, Goggan, Blair & Sampson, LLP, is **DISMISSED** as a Defendant in this action.

BY THE COURT:

_____
**Berle M. Schiller, J.**